## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Board of Supervisors of
Spotsylvania County

v.

Board of Zoning Appeals and
Rappahannock Roofing Co., Inc.

January 31, 1986

By JUDGE JOHN A. JAMISON

The Board of Supervisors of Spotsylvania County has filed a petition for writ of certiorari asking the court to review the decision of the County Board of Zoning Appeals (BZA or Board) to allow Rappahannock Roofing Company, Inc. to locate in a commercial-3 zoning district. A hearing was held before this court at which time arguments were heard and evidence presented. The question has since been under consideration by the court. The brevity of this opinion may have resulted in the exclusion of comments on some points raised by counsel. Yet, everything presented by each of you has been considered along with my numerous bench notes, your transcribed arguments, cases cited and my own research, including reading of many cases and texts, including Michie's and Am. Jur. and counsels' most recent memoranda.

It appears that on July 26, 1985, Rappahannock Roofing Company, Inc. was denied a zoning certificate by the Spotsylvania County Zoning Administrator. Rappahannock filed an appeal to the BZA and requested a review of the zoning administrator's decision and that the roofing company be permitted to locate in such commercial-3 zoning district.

The BZA did grant the appeal and found that a roofing company would be an appropriate business in this area. In its written opinion, the Board stated that "the term in the C-3 zoning district called 'building supply and

storage yards' is sufficiently broad so as to include the operation of a roofing business."

The Board of Supervisors argues that the decision of the Board of Zoning Appeals is plainly wrong and results from the application of an erroneous principle of law. Those are the only criteria the court, with its clearly limited authority in reviewing administrative decisions, can consider. Therefore, the court must decide whether the decision of the BZA on its face is plainly wrong or that the Board of Zoning Appeals applied an erroneous principle of law.

It goes without saying, yet it must be emphasized unequivocally here, that the BZA's decision is presumed under well established principles of administrative law to be correct. The burden of proof then devolves upon the County to show that the Board of Zoning Appeals was plainly wrong by acting for example, in an arbitrary, capricious, or unreasonable fashion or that its decision was devoid of logic and that the Board of Zoning Appeals applies erroneous principles of law in reaching beyond a reasonable or "common sense" interpretation of the ordinance. It should be borne in mind that the ordinance specifically allows "building supplies and storage areas," "plumbing and heating supply and storage areas," both of which, along with a fence company, are so similar in type and purpose to the roofing company that the latter cannot be said from the evidence to differ in any truly material way from businesses clearly intended to be included within the ordinance. As impracticable as it might be, for several reasons, the only sure way to prevent this would be to amend the ordinance to state that any business not specifically included would be deemed to be excluded. As an inspection of the site would reveal, the entire area in question is already populated with businesses of just such general types as the ordinance seeks to allow.

As aptly stated in the case cited by Mr. Maupin, *BZA* v. *Fowler*, 201 Va. 942 (1960), but to support a different point:

> Overall zoning laws are of a nonspecific and general nature. They are not perfect and can hardly be made perfect, thus the necessity for the creation of boards of zoning appeals. The very purpose of these boards is, within the

confines of the law, to vary specific terms of zoning ordinances to the end that the intent of the zoning law may be effectuated.

This was never a variance case from the beginning nor was it treated or decided as such by the BZA or this court. Nevertheless, the principle quoted above is persuasive authority for the BZA to place a reasonable interpretation on the meaning of the ordinance "to the end that the intent of the zoning law may be effectuated."

Accordingly, the court with its limited authority in reviewing the BZA's action cannot say that the latter's decision was plainly wrong or that erroneous principles of law were applied. Therefore, the court decides that the BZA's ruling should be upheld and that Rappahannock Roofing should be granted a zoning certificate to locate in the C-3 district, as requested.

Prevailing counsel should prepare the sketch of an order effectuating this holding and present it to the court, appropriately endorsed for entry.